May it please the Court. Disability claims under the Social Security Act are adjudicated by using a five step sequential evaluation process. The first question that we ask is, is the claimant engaged in substantial gainful activity. Part and parcel of that the question is asked, has the claimant engaged in substantial gainful activity since the alleged onset date of disability? Ms. Gallegos has raised three general issues in her briefs. I submit that one issue in and of itself provides a basis for relief and for reversal of the Commissioner's final administrative decision. Specifically, that turns on the work that she performed in the year 1989. As the record indicates, Ms. Gallegos was not represented by counsel at the administrative hearing. The administrative law judge acknowledged that despite the presence of a relative. In her application for benefits, Ms. Gallegos stated that she became disabled in 1989. However, in the administrative decision and in various documents submitted prior to the administrative hearing, when asked specifically when she became disabled, both the administrative law judge and the claimant said October 1, 1988. The administrative law judge expressly included that date in his administrative hearing decision. He also included the 1989 date. Why is this important? Her earnings for the year 1989 totaled $1,244. She was earning $7.00 an hour as a line worker in a cannery. Simple math tells us, and as the record indicates, she worked for about one month. The administrative law judge merely asked the claimant, when did you stop working? He never asked her a very different question. When do you feel you became disabled? Why is this distinction important? Gallegos submits that the work that she did in calendar year 1989, seasonal or otherwise, constituted an unsuccessful work attempt. The judge did not ask her as we believe he was mandated to ask, number one, for how long did you work in 1989? We simply know that she worked in that calendar year. He never asked her why she stopped working. He never asked her under what conditions did you stop working. I'm a little concerned now that we're going to ask, we're going to put a burden on ALJs to become lawyers for the person to develop their case. And I understand she was pro se at this time, but do we have law that says, I understand we have to do the full record. I understand that. But there's a little difference between a full record argument and a record that the person becomes a civil law judge and starts asking questions to substantiate the case. What's the closest case you have that an ALJ has that responsibility? I'm going to give a two-part answer to your question, Judge Wallace. You might start with my question. I am. What is your closest case? The closest cases would be DeLorme v. Sullivan and Vidal. DeLorme is cited on page 20 of my opening brief. Okay. And if I can – basically the proposition says that the administrative law judge has a special duty to fully and fairly – fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel. I'm not suggesting to the Court that an administrative law judge has to take on the role, as you say, being a civil lawyer. However, given the fact that administrative hearings are non-adversarial, the administrative law judge stands in a unique role. He is both judge, jury, and trier of fact, because there's no litigant. There's no – there's no counsel for the proverbial other side. And I think insofar as establishing disability, I think this is a very fundamental question. I don't think this is a very fine point that only a litigant's counsel would speak to. I think this speaks to the essence of the underlying claim. What is the onset date of disability? Well, let me – let me ask you, just up there, to make sure I understand this. If I – I'm looking at the ALJ decision, and in page 213, which is actually page 3 of the actual decision, the judge says, she alleges she became disabled October 1, 1988. Okay. Then, skip ahead to page 7, and then I'm going to ask you to look at page 7, and that's where it says, she alleges disability beginning in 1989. Correct. So if you say beginning in 1989, and that's – there's two ways to look at that. Is that January 1, 1989, and would those three months make a difference in this case, between October and January 1 of 88 and 89? Or are we looking at sometime in 1989, and then she tries to work in 1989? So in your view, did – did the ALJ settle on a disability date? I think that's the problem with the case, Your Honor. There are too many unanswered questions. I didn't represent, you know, obviously, the claimant until notice of appeal had been filed. I don't know, from reading this record multiple times, truly, what are the – what are the dates, what's the month, per se, involved when she worked in 1989? Again, the earnings record is clear. The earnings were posted in 1989. So I think we can say with some degree of comfort that she actually worked during that year. During what part of the year, we don't know. That's, again, going back to my earlier question, when I stated rhetorically, the ALJ should have said, when did you actually work in 1989? So I don't know what month she actually worked. Let me just try to understand. Let's say she were disabled in October 1988, and then she has earnings in 1989 for the month, which you claim is an unsuccessful restart attempt. Correct. What would be the outcome in that case? The outcome of that would be this, Your Honor, that there was a break between when she said she became disabled in 1988, apparently, and this is nothing more than speculation on my part, she tried to go back to work when the season started in 1989, and she couldn't do so, the result being that would be an unsuccessful work attempt. If that were true, the work she did in 1989 would not count, and that would take us back then to no later than 1986. Right. As a matter of law, she would then have no past relevant work as the term is defined. So now if instead she were disabled in 1989, some date, which we don't exactly know when, and she worked in 1989, she may well be disqualified because she had prior work experience. But we couldn't figure that out without knowing the exact dates. Is that correct? We can't figure it out without knowing more about the 1989 work, for how long did she work and why did she stop. And if, in fact, it becomes an uncertainty, and once we know those answers, then we can say with some degree of certainty it is or is not an unsuccessful work attempt. If we find out that it was an unsuccessful work attempt, under the medical vocational guidelines or the grids, as a matter of law, the judge had to find her disabled, because she had no past relevant work experience. As that term is defined. But if she were disabled later in 1989, and this work were before that, then it would be past relevant work experience, if the dates coincided. If, if, if. We just don't know. We just don't know. Okay. If we said it's not an unsuccessful work attempt, that she worked most of the season and then stopped, yes, the answer would be she would not be disabled because that work would be an unsuccessful, that work would be past relevant work. So what you want is a remand to figure this out. Correct, Your Honor. Okay. Let's assume that you're correct, that it was an unsuccessful work attempt and that she doesn't have a past relevant working experience. Doesn't that move you on to the last step of the, of the sequential investigation and you have to rely on the, the personnel expert who testified? And he testified that she could work on an assembly line, as I understand it. Your Honor, to do. Oh, and I want to just put up with this question. I'm sorry. So assume we go your way and the case is sent back. He's already testified here. I'm not sure why that happened, but he did testify. So that whoever made the decision then has to rely on his testimony, which essentially would put everybody in the same place as they meet if this were an example of relevant past work, wouldn't it? No, sir. That's not the case at all. I respectfully disagree. Under this Court's decisions in both Swenson and Burkhardt, the administrative law judge is bound to apply the medical vocational guidelines. He cannot circumvent them by merely asking a vocational expert, in essence, well, let me ask you anyway, what can the person do? He would be bound by her medical and vocational profile. Well, the vocational expert has testified. There's nothing wrong with it. It would prevent her from working on an assembly line. As a matter of law. It doesn't count. It doesn't count. His opinion would be of no relevance at that point, because under the medical vocational guideline that applies to her, as a matter of law, she'd have to be found disabled. We'll hear from the Commissioner. Thank you. Good morning, Your Honors. I'm Gerilyn Gulseth, appearing for the Commissioner of Social Security. The claimant is, as counsel just conceded, engaging in a lot of speculation and making a lot of after-the-fact arguments about different theories that could have been offered about this claimant's work history. As we've stated in our brief, she was again and again advised that she had right to counsel, and she waived that right. But as for her past relevant work experience, the claimant is arguing that if she became disabled, I guess, in October of 1988, which at times she's alleged, although at other times she's alleged that she became disabled in August of 1989, her work attempt in 1989 would be an unsuccessful work attempt, because she stopped, allegedly, due to her impairment. And thus it wouldn't be substantial gainful activity, and thus it wouldn't be past relevant work. But, again, there's a lot of speculation here, and counsel ignores, well, he did concede that we do have the earnings record, and the earnings record shows that she has earnings through 1986, and nothing posted in 1987 or 1988. Now, that doesn't mean she didn't work, but this is for purposes of Social Security-covered earnings that are paid into the system. And then we have the $1,244 she earned for one month of work in 1989. According to the Commissioner's policy on an unsuccessful work attempt, the ruling which is cited in counsel's or claimant's brief, bear with me a moment, I do have it, the claimant, the event that must precede the so-called unsuccessful work attempt must be an interruption of continuous work activity. So what she's trying to argue is I stopped work because of my impairment, I tried to go back, I only worked a month, therefore that count cannot count against me. However, claimant has applied for disability benefits before. She was denied in 1998 by a prior ALJ. At that time, at least according to that decision, the summary of the evidence in that decision, we don't have any evidence that shows she stopped working in 1986 due to an impairment. And according to, I'm sorry, I'm trying to find the ruling here. According to the Social Security ruling on an unsuccessful work attempt, the interruption prior to the unsuccessful work attempt must be caused by the impairment as well. That ALJ, as he's summarizing the evidence in the 1998 decision, talks about how she alleged that she became disabled in August of 1989, and then in January 1990 sought treatment for chest pain, which he alleges is what made her stop. It was mostly the chest pain. She alleged that during the present hearing as well. And those workups in January of 1990, which were several months, even after the so-called unsuccessful work attempt, were all negative. So we can engage in a lot of speculation and theories about this alleged work activity, but what we have is the evidence of record, which shows that... Doesn't all of this hinge on what's the date of the disability? Her alleged disability. Right. We have so it's hard to analyze it or to try to understand this opinion, because then all the judge does in the findings is just say has not engaged in substantial gainful activity since the alleged onset. Well, I think the confusion... So if I read that correctly, it's hard to know what you do with the 1989 work. Well, first of all, I think the confusion arises from the claimant. She says she stopped working, or she alleged that her disability, at various times she's changed the date. Sometimes she says she became disabled in October of 1988. But then she also reports that she worked the month of work in October of 1988. There's no finding that she worked longer than a month, is there? Well, she's definitely worked longer than a month for several years at the same type of work. She's worked several years as a cannery line worker from 1976 to 1986. Correct. It's beyond the 15-year period. But the evidence shows that she engaged in substantial gainful activity at the same type of work in 1989. Those earnings constituted substantial gainful activity, according to the commissioner's guidelines. It was only shown to me for a month. And this regulation essentially says unless you have three months' experience, that doesn't count, doesn't it? I'm sorry, what regulation are you... Well, I don't... That's 8425. And that's the Social Security ruling on unsuccessful work attempts. Finding work efforts lasting three months or less. But again, we're assuming that because somebody works a month, that's automatically an unsuccessful work attempt. I mean, that's not necessarily what the record shows. I guess the point is we don't know what the record shows. I mean, I'm just trying to figure out how... She could have different dates alleged. He could find that she's not credible on certain things, but doesn't the ALJ have to benchmark the earnings? I mean, how would you even figure out how you go back 15 years if you don't know what the date of disability is? So let's just say she had worked minus 15 years, depending on if you took it in October of 1989. Let's just say she had some additional work back then in the 80s that would or wouldn't be included. It would depend on what date you went forward with. So it all comes down... The thing I'm having a little trouble with is how can you figure any of this out unless you land on some date as the alleged date? Well, that's... I think the district court judge acknowledged that in his order. He said there was some confusion, and then he had a footnote about whether she last worked in 1988 or 1989. It fell within the 15-year period preceding the ALJ's 2002 decision. But that really goes to the 1987-88 work as opposed to what is the 1989 work. Is it post-disability or is it pre-disability? Well, again, it's... Do you have a position on that? The alleged disability. No. It's not pre- or post-disability, because disability was never established in this case. I mean, I should say alleged disability. The alleged disability. Again, it was up to the claimant to give a date when she felt she had to stop working. And she's alleged October 1988 at various times. At other times she's alleged August 1989. But in order... But the record does indeed show that she earned earnings in 1989. And the question then becomes, as posed by counsel, oh, well, you're supposed to disregard those earnings because it was an unsuccessful work attempt. Well, that's, again, ignoring the conditions or the criteria that have to be established by the claimant to show that it was an unsuccessful work attempt. Number one, why did she stop working before this one-month period? She's been before the ALJ, a prior ALJ before. Apparently, at least according to the summary of the evidence, there was no evidence back in the late 80s as to a medical impairment. The first evidence that he summarizes at that point is chest pain evaluations in January 1990. And that's on transcript page 34 of the certified administrative record. Do you disagree with the pro se claimant that the ALJ has some duty to develop the record in a reasonable fashion? Oh, well, he certainly does. On the other hand, I... What's the problem here? I mean, because we're kind of swimming around without knowing to just remand it and get the answer to this question. And get clarification. Well, but again, I think this is a situation where the evidence in the record simply shows this. She worked in 1989. She earned substantial gainful activity earnings in 1989. And that fell within the 15-year period for past relevant work. That's what the record shows. Counsel is now, years later, offering a whole bunch of different theories as to how we should have looked at this at the time. And that's all fine. You could do that with every agency decision. Again, albeit the lady was unrepresented. She had been through this process before and had been denied benefits with an attorney at that time. So I think what the record does show is that she engaged in substantial gainful activity within the 15-year period. She's arguing now that, well, no, that was an unsuccessful work attempt. You're supposed to disregard that. But even so, she hasn't met the criteria of Social Security ruling 8425. All right. Thank you. What's your interpretation of the meaning of this regulation? Of the unsuccessful work attempt? Well, it reads the event that must precede an unsuccessful work attempt. If we're assuming that her unsuccessful work attempt was that one month of work in 1989, this is what she had to show prior to that. There must be a significant break in the continuity of a person's work before he or she can be considered to have begun a work attempt that later proved unsuccessful. Such an interruption would occur when, because of the impairment or removal of special conditions related to the impairment are removed, the work was discontinued or reduced to the non-SGA level. Now, according to Social Security records, she had no posted earnings for 1987 or 1988. She doesn't allege that she became disabled in 1986 due to an impairment. Now she would have us believe, I guess, that that break in continuity was due to the impairment, but there's no evidence of that. I mean, she may have stopped working because she just didn't want to work anymore at that time. And the evidence that we do have is documented in the previous ALJ decision, which summarizes somewhat contemporaneous evidence to that time, that early 1990 medical evaluation, which was negative. Thank you. Our next case for argument is Bush v. Woodford.
judges: Wallace, Cudahy, McKeown